UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 07-120** |
| **DARRELL POLLARD** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion to vacate, set aside, or correct a conviction and/or sentence,[1] filed on behalf of defendant, Darrell Pollard ("Pollard"). For the following reasons, Pollard's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On March 30, 2007, Pollard was charged in a one-count indictment with assault on a federal officer pursuant to Title 18, United States Code, Section 111. On June 14, 2007, Pollard pled guilty to the one-count indictment. Pollard was sentenced on October 24, 2007. The Clerk of Court entered Pollard's criminal judgment on October 29, 2007.

As required by Federal Rule of Appellate Procedure 4(b)(1)(A) in effect at the time Pollard's criminal judgment was entered, Pollard did not file a notice of appeal within 10 days of

---

[1] R. Doc. No. 55.


the entry of such judgment.[2]  Instead, on October 15, 2008 – just under a year after the Court entered Pollard's criminal judgment – Pollard filed a notice of appeal.[3]

Pollard subsequently filed an appeal with the Fifth Circuit.  In turn, Pollard's lawyer filed an *Anders* brief with the United States Court of Appeals for the Fifth Circuit in which he sought leave to withdraw as Pollard's lawyer.  According to Pollard's lawyer, Pollard's appeal raised no non-frivolous grounds for relief because 1.) Pollard waived his right to appeal in his plea agreement and 2.) Pollard had failed to file a timely notice of appeal.  Alternatively, Pollard's lawyer addressed the merits of Pollard's case.

On December 15, 2009, the Fifth Circuit granted the lawyer's motion for leave to withdraw and it denied Pollard's appeal.  In its entirety, the Fifth Circuit's unpublished opinion stated:

> The attorney appointed to represent Darrell M. Pollard has moved for leave to withdraw and has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Pollard has filed a response. Our independent review of the record, counsel's brief, and Pollard's response discloses no nonfrivolous issue for appeal. Accordingly, counsel's motion for leave to withdraw is

---

[2]An amended version of Federal Rule of Appellate Procedure 4(b)(1)(A) became effective on December 1, 2009.  The December 1, 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.  Pollard pled guilty on October 24, 2007, while the 10 day deadline for filing a notice of appeal was in effect.

[3]The Court notes that Pollard's notice of appeal states that it was "respectfully submitted this 30th day of October 2007." R. Doc. No. 43.  Further, the notice of appeal states that it was "hand-delivered to the United States Attorney's Office" on October 31, 2004 – two and a half years before Pollard was indicted.  However, the envelope in which the notice of appeal was received is postmarked October 15, 2008.  Although the issue of the timeliness of Pollard's § 2255 motion has been raised in these proceedings and Pollard has responded to the government's opposition, Pollard maintains that this motion to vacate is timely filed because it was filed within sufficient time after the Fifth Circuit denied his appeal.  He does not argue that this motion is timely filed because it was filed within 10 days after the Court entered his criminal judgment.

Nevertheless, on March 7, 2011, the Court ordered Pollard to notify the Court no later than March 17, 2011 with respect to whether he contested that his notice of appeal was delivered to the prison's legal mail on or after October 15, 2008.  Pollard failed to respond by March 17, 2011.

> GRANTED, counsel is excused from further responsibilities herein,
> and the APPEAL IS DISMISSED. *See* 5th Cir. R. 42.2.[4]

On June 22, 2010, Pollard filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[5] On September 16, 2011 the government responded. On October 19, 2010, Pollard sought leave to file a reply and requested that the Court provide him with various documents. The Court granted Pollard's request and ordered the Clerk of Court to mail copies of Pollard's docket sheet, plea agreement, rearraignment transcript, sentencing transcript, and criminal judgment to Pollard. Pollard filed a reply to the government's response on January 10, 2011.

In his motion to vacate, Pollard asserts that he received ineffective assistance of counsel in connection with his decision to enter a guilty plea, his sentencing, and his appeal. Pollard asserts that his motion to vacate is timely because it was filed within one year of the Fifth Circuit's denial of his appeal.

In its response, the government first argues that Pollard's motion should be dismissed as untimely. Second, the government asserts that Pollard's motion should be dismissed because his lawyer's alleged deficiency fails to implicate a Constitutional right and did not prejudice Pollard.

## *LAW AND ANALYSIS*

### I.   Section 2255 Statute of Limitations

Before reaching the merits of Pollard's claims, the Court must determine whether Pollard has complied with § 2255's one-year statute of limitations.[6]  "[W]hen a federal prisoner fails to

---

[4]*United States v. Pollard*, 357 Fed. App'x 591 (5th Cir. Dec. 15 2009) (unpublished).

[5]R. Doc. No. 464.

[6]Section 2255(f) states, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section. The

file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[7]  There is no evidence that Pollard pursued the direct appeal process until he filed a notice of appeal on October 15, 2008, just under a year after the Court entered his criminal judgment.  Therefore, to meet the timeliness requirement of § 2255, Pollard's motion must have been filed within one year of November 14, 2007 (that is, upon the expiration of the ten-day period after entry of judgment, excluding Saturdays, Sundays, and holidays.)  *See* FED. R. APP. PROC. 4(b)(1)(A).  He failed to meet this requirement when he did not file his motion until June 22, 2010.

The fact that the Fifth Circuit ruled upon Pollard's untimely appeal does not impact this Court's analysis because a timely notice of appeal is a jurisdictional prerequisite to appeal.  In pertinent part, Federal Rule of Appellate Procedure 26(b)(4)(1) states that the court [of appeals] may not extend the time to file . . . a notice of appeal (except as authorized in Rule 4) . . . ."  *See*

---

limitation period shall run from the latest of--
 (1) the date on which the judgment of conviction becomes final;
 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[7]An amended version of Federal Rule of Appellate Procedure 4(b)(1)(A) became effective on December 1, 2009.  The December 1, 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.  Pollard was sentenced on October 24, 2007.  Accordingly, Pollard's conviction became final at the expiration of the 10-day period for filing a notice of appeal in effect at the time he entered his guilty plea.

*Anderson v. Parsons State Hosp. & Training Ctr.*, 180 Fed. App'x 514 (5th Cir. 2006) ("A timely notice of appeal is necessary for this court to exercise jurisdiction.") (citing *Robbins v. Maggio*, 750 F.2d 405, 408 (5th Cir. 1985)).

Federal Rule of Appeal Procedure 4(b)(1)(B) states that, "[u]pon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." As noted above, Rule 4(b) required Pollard to file his notice of appeal within ten days after his criminal judgment was entered. He failed to do so. Further, Pollard did not move the Court to extend the time for filing a notice of appeal and the Court did not do so *sua sponte*. In any event, Pollard did not file his notice of appeal until October 15, 2010 –long after the 30 day extension allowed for under Rule 4(b)(1)(B) would have otherwise expired. Accordingly, Pollard's motion is untimely.

## II.     Equitable Tolling

Although § 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling," Pollard offers no argument with respect to why the Court should toll such limitation period. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Indeed, after the government filed its response to Pollard's petition in which the government asserted that Pollard's petition was untimely, the Court granted Pollard leave to reply. Pollard did not address the government's argument with respect to untimeliness.

Equitable tolling is permitted only in rare and exceptional circumstances, and the burden falls to the habeas petitioner to establish that tolling is appropriate. *Id.* at 365. The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

5

circumstance stood in his way of timely filing his § 2255 motion." *Id.* Because Pollard has not made such a showing, his motion must be denied as untimely.

## *CONCLUSION*

Accordingly,

**IT IS ORDERED** that defendant's motion to vacate, set aside, or correct his conviction and/or sentence is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March \_\_\_22nd\_\_\_, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**