UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 07-120 |
| DARRELL POLLARD | SECTION "I" |

## ORDER AND REASONS

Before the Court is defendant's motion for reconsideration with respect to the Court's order and judgment dismissing defendant's 28 U.S.C. § 2255 application with prejudice. For the following reasons, the motion is **DENIED**.

On March 22, 2011, this Court dismissed defendant's § 2255 application with prejudice on the grounds that the application was untimely filed. As the Court explained:

> Before reaching the merits of [defendant's] claims, the Court must determine whether [defendant] has complied with § 2255's one-year statute of limitations. "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). There is no evidence that [defendant] pursued the direct appeal process until he filed a notice of appeal on October 15, 2008, just under a year after the Court entered his criminal judgment. Therefore, to meet the timeliness requirement of § 2255, [defendant's] motion must have been filed within one year of November 14, 2007 (that is, upon the expiration of the ten-day period after entry of judgment, excluding Saturdays, Sundays, and holidays.) *See* FED. R. APP. PROC. 4(b)(1)(A). He failed to meet this requirement when he did not file this motion until June 22, 2010.

R. Doc. No. 63, pgs. 3-4.

In his motion for reconsideration, defendant reasserts the substantive merits of his § 2255 application, while conceding that his notice of appeal was untimely filed. As defendant states:

1

> The Judgment of Conviction was signed by this Court on October 29, 2007.
>
> *Approximately one year later*, on October 15, 2008, [defendant] mailed an unsigned notice of appeal advising this Court that he would file his appeal on October 30, 2007 [sic] . . . .

R. Doc. No. 66 (emphasis added) (citations omitted).

As such, this Court's March 22, 2011 order and reasons correctly dismissed defendant's § 2255 application as untimely. R. Doc. No. 63. Accordingly, **IT IS ORDERED** that defendant's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, April __6th__, 2011.

                                           **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**